IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Jody Lynn Ward, #300644,       )    C/A No. 0:08-4039-RBH-PJG
                    )
       Plaintiff,       )
                    )
       v.             )    **REPORT AND RECOMMENDATION**
                    )
Jon Ozmint, Director, SCDC et al.,  )
                    )
       Defendants.    )
_____)

This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC.  The plaintiff, Jody Lynn Ward ("Ward"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983.  Ward seeks a preliminary injunction (Docket Entry 6) and to have this matter remanded to state court (Docket Entry 16).  For the following reasons, the court recommends that the motion for preliminary injunctive relief should be denied and Ward's motion to remand should be denied.

**A.    Preliminary Injunction**

By motion filed December 16, 2008, Ward requested a preliminary injunction against Captain Robert Johnson and the "Contraband Officers" of Lee Correctional Institution.  Ward further requested that he be transferred from Lee Correctional Institution.[1]

"[A] preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought."  Fed. Leasing, Inc. v. Underwriters at Lloyd's, 650 F.2d 495, 499 (4th Cir. 1981).  To obtain a preliminary injunction, a court must

---

[1]Ward appears to also assert that "any disciplinary, administrative actions" against him should be reviewed for legitimacy and potential prejudice.  This request is not appropriate for injunctive relief and is therefore denied.



consider: (1) the plaintiff's irreparable injury if the interim relief is denied, (2) the injury to the defendants if an injunction is issued, (3) the plaintiff's likelihood of success on the merits, and (4) the public interest. Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997); Hughes Network Sys., Inc. v. InterDigital Commc'n Corp., 17 F.3d 691, 693 (4th Cir. 1994); N.C. State Ports Auth. v. Dart Containerline Co., Ltd., 592 F.2d 749 (4th Cir. 1979); Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). Moreover, "absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons . . . ." Taylor v. Freeman, 34 F.3d 266, 268 (4th Cir. 1994).

Ward's motion should be denied because he is unlikely to suffer irreparable injury if relief is denied. Ward has already been transferred from Lee Correctional Institution to Lieber Correctional Institution, and therefore is no longer incarcerated in the institution with the employees he seeks to enjoin. Moreover, Ward's motion should be denied to the extent that it seeks relief from persons who are not parties to this action.

**B.    Remand**

Ward initially filed this action in state court and the defendant filed a notice of removal on December 16, 2008. On December 19, 2008, Ward filed opposition to the defendant's notice of removal and requested that this matter be returned to state court. Ward asserts that this action should be decided in state court because (1) it is filed pursuant to the South Carolina Torts Claims Act, (2) a case cannot be in two courts at the same time, (3) he filed this action in state court to exhaust his administrative remedies, and (4) his safety and security are a "priority matter" making state court the appropriate jurisdiction.




Ward's complaint specifically alleges violations of the Eighth Amendment to the United States Constitution. It clearly alleges federal causes of action and therefore removal was appropriate pursuant to 28 U.S.C. § 1441. Ward's arguments are insufficient to justify remanding this case to state court. Therefore, this motion (Docket Entry 16) should be denied.

## RECOMMENDATION

For the foregoing reasons, the court recommends that Ward's motions for preliminary injunctive relief (Docket Entry 6) and for remand (Docket Entry 16) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 3, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).