IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jody Lynn Ward, #300644, ) | C/A No. 0:08-4039-RBH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Jon Ozmint, Director, (SCDC); Captain Robert ) | |
| Johnson, (LCI); Warden Padula, (Lee C.I. Warden); ) | |
| David Tatarsky, (General Counsel); Robert Ward, ) | |
| (SCDC); Dennis R. Patterson Sr., ) | |
| (Operations Coordinator), all in their individual ) | |
| official capacities, ) | |
| ) | |
| Defendants. ) | |

The plaintiff, Jody Lynn Ward ("Ward"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging various constitutional violations by the defendants by failing to protect him, subjecting him to sexual harassment, and suspending his visitation excessively. He further alleges that his grievances relating to these allegations were not answered and that a "freeze" was placed on his Cooper Trust Account. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the parties' cross motions for summary judgment. (Docket Entries 110 & 112.) Ward filed a motion for summary judgment (Docket Entry 110), to which the defendants responded (Docket Entry 111) and Ward replied (Docket Entry 116). The defendants also filed their own motion for summary judgment. (Docket Entry 112.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Ward was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (Docket Entry 114.)

Although he obtained two extensions of time, Ward did not file any response addressing the defendants' motion. Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motion should be granted and Ward's motion should be denied.

## BACKGROUND

Ward's Amended Complaint, liberally construed, makes the following allegations. On numerous occasions, Defendant Johnson conducted strip searches of Ward, searched Ward's cell, and drug tested Ward, which Ward alleges were all conducted to harass him and were done in a manner that violated the policy of the South Carolina Department of Corrections ("SCDC"). On August 28, 2008, during one of these strip searches, Ward contends that Defendant Johnson sexually assaulted him by grabbing his buttocks. Further, Ward contends that Defendant Johnson placed Ward in danger by stating, in front of other inmates, that Ward was smuggling contraband, drugs, and cell phones into the prison. Ward alleges that as a result of this comment, he was assaulted and on numerous occasions was threatened by other inmates to force him to assist them in getting these items into the prison. Ward asserts that the remaining defendants have either failed to take action addressing these allegations or allowed the actions to occur. Additionally, Ward asserts that the defendants failed to protect him by denying him placement in protective custody.

Ward also contends that the defendants have acted together to restrict his visitation privileges in excess of the amounts directed by SCDC policy and that the defendants have placed a full freeze on his Cooper Trust Account without cause.

# DISCUSSION

## A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of

a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Visitation Claim**

The defendants concede that they incorrectly documented that Ward's visitation privileges were to be suspended until 2018. After the filing of this action, Defendant Patterson reviewed Ward's record and determined that his suspensions were incorrectly entered. (Patterson Aff. ¶ 6, Docket Entry 112-2.) Upon correction of the error, Defendant Patterson attests that Ward's visitation is now properly suspended through September 3, 2011. (Id. ¶ 7.) Therefore, the defendants argue that Ward has suffered no injury because Ward's visitation is still currently suspended. Ward did not respond to these arguments.

The court finds that Ward's claim is moot to the extent that he sought correction of his visitation suspension. Further, as argued by the defendants, at most the mistake was a negligent error which fails to rise to the level of a constitutional violation. See Daniels v. Williams, 474 U.S. 327, 328-36 & n.3 (1986); Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) ("The district court properly held that Daniels bars an action under § 1983 for negligent conduct."); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir.1987).

**C.     Cooper Trust Account Claim**

Ward also appears to allege in his Amended Complaint that the defendants placed a "full freeze" on his Cooper Trust Account without cause and asks that this freeze be released. (Docket Entry 85-1 at 15-17.) However, since the filing of this action it appears that on March 24, 2009, the full freeze was lifted. While a partial freeze for fifteen dollars remains for mailing his television,

Page 4 of 8

PJG

Ward does not appear to contest a freeze in this amount. (See Docket Entry 110-2 at 7.) There being no further relief this court can provide, the court similarly finds this claim moot.

**D.     Remaining Claims**

The defendants contend that they are entitled to summary judgment on Ward's remaining claims because Ward has not exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. See Booth v. Churner, 532 U.S. 731 (2001). Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739). Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). The defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

*PJG*

Pursuant to SCDC policy, an inmate seeking to challenge a disciplinary conviction or complain of prison conditions may file a "Step 1 Grievance" with designated prison staff. If the Step 1 Grievance is denied, the inmate may appeal to the warden of his facility via a "Step 2 Grievance." The defendants have submitted Ward's entire grievance file, which includes all grievances from Ward until December, 2008—the date that defendants' counsel indicates that he received the file. (See Defs.' Mem. Supp. Mot. Summ. J. at 17 & n.4, Docket Entry 112-1 at 17; Ward's Grievance File, Ex. C to Patterson Aff., Docket Entry 112-5.) A review of Ward's grievance file reveals that although Ward has filed numerous grievances, he did not file any grievances pertaining to any of his allegations concerning his requests for protective custody or Defendant Johnson's actions in conducting the strip searches.

In response, Ward generally complains about the grievance process and states that he did file grievances but that they were not processed properly. However, the only evidence of record shows that Ward has not fully and properly exhausted his administrative remedies regarding his remaining claims. Not only must Ward use all the steps that are available to him to exhaust his administrative remedies, but he also must do them properly. See Woodford, 548 U.S. at 81. Ward has not adequately refuted the defendants' evidence that Ward has not properly exhausted all the steps available to him at SCDC with regard to any of his remaining claims. (See Ward's Grievance File, Docket Entry 112-5); Jones, 549 U.S. at 217-18 (stating that the exhaustion requirement is "not satisfied when grievances were dismissed because prisoners had missed deadlines set by the grievance policy") (citing Woodford, 548 U.S. at 93-95). Although Ward contends that he grieved these issues but that his grievances were not processed properly, he has failed to provide any copies of these grievances or submit any other evidence in support of this argument. Nor is there any

evidence remotely suggesting that the defendants prevented him in any manner from filing grievances. Cf. Hill v. Haynes, No. 08-7244, 2010 WL 2182477 (4th Cir. June 2, 2010) (unpublished). To the contrary, the record is replete with grievances filed by Ward addressing other issues. The court has carefully reviewed the copies submitted by both the defendants and Ward of the numerous grievances that Ward has filed; however, none of these grievances addresses Ward's allegations that Defendant Johnson sexually harassed or assaulted him or that the defendants have failed to protect Ward. (See, e.g., Attachments to Pl.'s Mot. Summ. J., Docket Entry 110-2 at 2-7) (containing grievances concerning other issues); (Ward's Grievance File, Ex. C to Patterson Aff., Docket Entry 112-5). The only evidence of record shows that he did not properly file grievances pertaining to these allegations and did not avail himself of the administrative remedies offered by SCDC.[1] Therefore, the court recommends that the defendants be granted summary judgment on these claims based on Ward's failure to exhaust his administrative remedies.

## RECOMMENDATION

For all of the foregoing reasons, the court recommends that Ward's motion for summary judgment (Docket Entry 110) be denied and the defendants' motion for summary judgment (Docket Entry 112) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 21, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[1] To the extent that Ward asserts an independent claim pertaining to the defendants' alleged failure to respond to his grievances, it fails to rise to a constitutional violation, as inmates have no constitutional right to a grievance procedure. See Adams v. Rice, 40 F.3d 72 (4th Cir. 1994).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).